I

**YICK HOW ex rel. SHUE DUCK et al., Petitioner, Appellant, v. John P. JOHNSON, United States Commissioner of Immigration, Respondent, Appellee.**

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1925.

Appeal from the District Court of the United States for the District of Massachusetts.

Everett Flint Damon, of Boston, Mass., for appellant.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the federal District Court for Massachusetts, dismissing a writ of habeas corpus and remanding the applicants, Shue Ying and Shue Duck, to the custody of the Commissioner of Immigration for deportation. The applicants claim the right of admission to this country as foreign-born sons of Yick How, who is conceded to be a citizen of the United States.

It appears that a hearing was had before the board of special inquiry at Boston beginning August 26, 1925, and continuing thereafter down to September 5, 1925, when counsel for the applicants was notified by the board that it was not satisfied as to the relationship of the applicants to the alleged father, and leave to submit further evidence on that question would be given, if desired; that on September 11, 1925, the board, having been notified that the applicants did not desire to submit further testimony and that the case might be closed, rendered a decision refusing the applicants admission to the United States on the ground that the relationship claimed had not been established; that an appeal was then taken to the Secretary of Labor; that on September 30, 1925, the appeal was heard before the board of review, which found the applicants had not borne the burden of establishing that they were the sons of a native-born citizen, and recommended their appeal be dismissed; and that on that day it was so ordered by the Second Assistant Secretary of Labor.

October 2, 1925, a petition for writ of habeas corpus was brought, and the District Court, after hearing the parties, the only evidence submitted being the evidence before the immigration authorities, entered the decree here appealed from.

An examination of the record fails to show that the applicants were denied any right essential to a fair hearing. The difficulty seems to have been that the evidence submitted was conflicting and the credibility of the witnesses greatly impaired.

The decree of the District Court is affirmed.